IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE X. COOPER, | No. 4:21-CV-01533 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| KEVIN RANSOM, | |
| Respondent.[1] | |

**MEMORANDUM OPINION**

SEPTEMBER 16, 2022

Petitioner Bruce X. Cooper is currently incarcerated at the State Correctional Institution in Dallas, Pennsylvania (SCI Dallas). He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking immediate release from custody due to the COVID-19 pandemic and alleged conditions of confinement at SCI Dallas. Because Cooper has failed to exhaust state remedies, the Court must dismiss his Section 2254 petition.

**I.   BACKGROUND**

According to Cooper's petition, he is serving a sentence of life without parole and is currently imprisoned at SCI Dallas.[2] Cooper avers that in December

---

[1] Although Cooper names multiple respondents, the only proper respondent in this habeas corpus action challenging physical confinement is the superintendent of Cooper's facility of incarceration, *i.e.* his "immediate custodian." *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 439 (2004) (citations omitted); 28 U.S.C. § 2242; 28 U.S.C. § 2254 Rule 2(a).

[2] Doc. 1 at 1.

2020, he tested positive for the COVID-19 virus and was quarantined.[3] He asserts that he is categorized as "higher risk" for infection and complications from the virus as determined by the Centers for Disease Control and Prevention (CDC).[4] Cooper alleges that he is 65 and suffers from serious medical conditions including blood clots, heart disease, hyponatremia, respiratory issues, dyslipidemia, and chronic anticoagulant use.[5]

Thus, according to Cooper, he is "in imminent danger" of reinfection and injury due to the alleged conditions of confinement as SCI Dallas.[6] He avers that these conditions include—among other things—a largely unvaccinated correctional staff, correctional officers who refuse to mask, insufficient COVID-19 testing in the facility, and the inability of inmates to socially distance.[7] Cooper challenges "his detention as unconstitutional and seeks relief in the form of[] immediate compassionate release from detention."[8]

## II.  DISCUSSION

Assuming, without deciding, that Cooper can seek immediate release from state custody under 28 U.S.C. § 2254 based on a conditions-of-confinement claim

---

[3]  *Id.* at 2 ¶ 1.  Cooper also "assume[s]" that he contracted COVID-19 in February 2020 due to experiencing a collapsed lung "for no apparent reason" and having to be hospitalized twice for serious respiratory issues.  *Id.* at 4 ¶ 15.
[4]  *Id.* at 2 ¶ 2.
[5]  *Id.* at 2 ¶ 3.
[6]  *Id.* at 2-3 ¶¶ 3-5.
[7]  *Id.* at 3-7 ¶¶ 4, 9-13, 22, 27, 32.
[8]  *Id.* at 8 ¶ 38.

invoking state prison conditions,[9] Cooper must first exhaust available state-court remedies. Claims raised in a habeas corpus petition under Section 2254 generally are required to be exhausted in state court.[10] "Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."[11] Exhaustion should not be "overlooked lightly,"[12] and will not be excused simply because a petitioner believes his claims will be denied on the merits in state court.[13] To properly exhaust a claim, a petitioner must "fairly present" the claim to each level of the state courts.[14] And the "burden of establishing" proper exhaustion "falls upon the petitioner."[15]

Cooper has—or at least had—available state court remedies. First, Cooper could have sought compassionate release with the sentencing court under 42 PA. CONS. STAT. § 9777. Cooper does not allege that he filed any such petition with the sentencing court, nor is such a petition reflected on his state-court docket.[16]

---

[9] The United States Court of Appeals for the Third Circuit has recognized such habeas claims in "extreme cases" with respect to habeas petitions filed by immigration detainees under 28 U.S.C. § 2241. *See Hope v. Warden York Cnty. Prison*, 927 F.3d 310, 324-25 (3d Cir. 2020).

[10] *See* 28 U.S.C. § 2254(b)(1)(A).

[11] *Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) (internal quotation marks and citations omitted).

[12] *Id.* at 62 (citation omitted).

[13] *Id.* at 63-64.

[14] *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

[15] *Id.* (citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)).

[16] *See Commonwealth v. Cooper*, No. CP-51-CR-0438741-1984 (Pa. Ct. Com. Pl. Phila. Cnty.).

Cooper also could have sought relief through a state petition for a writ of habeas corpus pursuant to 42 PA. CONS. STAT. § 6502. Cooper maintains that he did file such a petition in 2021.[17] He then argues that Pennsylvania courts will not address a condition-of-confinement claim through a habeas petition, so seeking such relief is futile and requires filing a federal habeas petition.

Cooper's argument fails for two reasons. First, even though he has filed a habeas petition in state court (and assuming the petition raises the same COVID-19-related conditions-of-confinement claim), that petition has not been adjudicated nor appealed to each level of the state courts.[18] Second, the Supreme Court of Pennsylvania has explicitly held that "habeas corpus is available to secure relief from conditions constituting cruel and unusual punishment, even though the detention itself is legal."[19] If, as Cooper claims, the Court of Common Pleas of Philadelphia County incorrectly interprets his habeas corpus conditions-of-confinement petition as one seeking relief from his prior murder conviction, that issue must be resolved through a motion for reconsideration with the trial court or an appeal to the Superior Court of Pennsylvania, not by a federal habeas court.

---

[17] *See* Doc. 13 at 2; Doc. 13-2 at 1; *see also Cooper*, No. CP-51-CR-0438741-1984 (Pa. Ct. Com. Pl. Phila. Cnty.). Cooper neither provides a copy of this petition nor alleges its substance in the instant Section 2254 petition.

[18] *See Cooper*, No. CP-51-CR-0438741-1984 (Pa. Ct. Com. Pl. Phila. Cnty.).

[19] *Commonwealth ex rel. Bryant v. Hendrick*, 280 A.2d 110, 113 (Pa. 1971); *see Commonwealth ex rel. Fortune v. Dragovich*, 792 A.2d 1257, 1259 (Pa. 2002) (explaining that habeas corpus may only be used to challenge "illegal confinement" or "conditions of confinement that constitute cruel and unusual punishment").

4

Cooper, therefore, has failed to carry his burden to show that he has exhausted his state-court remedies. Accordingly, the Court will dismiss without prejudice Cooper's Section 2254 petition.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Cooper's petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court will likewise deny a certificate of appealability, as Cooper has failed to make a substantial showing of the denial of a constitutional right.[20] An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[20] *See* 28 U.S.C. § 2253(c)(2).